**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERLI GUNCORO; ASWANTO, | No. 10-70958 |
| Petitioners, | Agency Nos.   A096-066-470 |
| v. | A096-066-471 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Serli Guncoro, lead petitioner, and Aswanto, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reconsider.  Our jurisdiction is governed by 8 U.S.C.

§ 1252.  We review for abuse of discretion the denial of a motion to reconsider,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's April 29, 2008, order vacating an immigration judge's grant of asylum, because Guncoro failed to timely petition this court for review of that decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

The BIA was within its discretion in denying the November 17, 2008, motion to reconsider on the ground that the motion failed to identify any error of fact or law in the BIA's April 29, 2008, order. *See* 8 C.F.R. § 1003.2(b)(1).

We reject Guncoro's contention that the case should be remanded in light of *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). The BIA analyzed Guncoro's claims of persecution as an ethnic Chinese Indonesian under the disfavored group analysis, as set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), and Guncoro does not now argue–nor did she argue to the agency–that she experienced any individualized risk due to her Christianity.

Guncoro contends the BIA erred in denying her applications for withholding of removal and relief under the Convention Against Torture without allowing her an opportunity to brief the issues. Contrary to Guncoro's contention, the proceedings were not "so fundamentally unfair that [she] was prevented from

reasonably presenting [her] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted).  Moreover, Guncoro failed to demonstrate that additional development of the record may have affected the outcome of the proceedings.  *See id*.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**